IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 1 6 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| ANDREW GERALD WILLIS And NAOMI WILLIS, | * * * |
| Plaintiffs, | * * |
| v | * * |
| BIRDSONG CORPORATION, | * * |
| Defendant. | * |

CIVIL ACTION FILE NO.:

1 08-cv-2899 -HTW

## COMPLAINT FOR DAMAGES

NOW COME the Plaintiffs in the above styled action and herewith state their complaint against the Defendant by showing the Court the following:

1.

Plaintiffs are residents of the State of Georgia and reside in Colquitt County, Georgia.

2.

The Defendant is a foreign corporation which is registered to do business in the State of Georgia and is, in fact, doing business in the State of Georgia. Said corporation maintains its principal office at 612 Madison Avenue, Suffolk, Virginia 23434-4028 and is subject to the jurisdiction and

1

venue of this Court by service of process upon its registered agent, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Fulton County, Georgia 30361.

3.

Jurisdiction is proper in this Court as there exists a complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Venue is proper in this Court as the Defendant maintains its registered agent in this District.

4.

On or about October 2, 2007, Plaintiff Andrew Willis was working as a service man for Georgia Federal State Inspection Service. On said date, Plaintiff Andrew Willis went to the Defendant's facility in Moultrie, Colquitt County, Georgia for the purpose of repairing a motor located on the top of a peanut inspection station. The peanut inspection station was of sufficient height to allow tractor trailer trucks with trailer loads of peanuts to park under it for the purpose of peanut load sampling by way of an overhead retrieval probe.

5.

In order to access the subject motor, it was necessary for Plaintiff Andrew Willis to be elevated up to the top of the inspection station. In order to achieve this, a "John Doe" employee of the Defendant drove a forklift with a platform attached to it to the peanut inspection station. After Plaintiff safely entered the platform, the forklift driver maneuvered the platform and lifted the platform and Plaintiff Andrew Willis into the air until the subject motor could be safely reached. At that point, Plaintiff Andrew Willis commenced replacing the subject motor without incident.

6.

At all times relevant, Plaintiff Andrew Willis relied upon the knowledge and experience of the "John Doe" employee of the Defendant in safely operating the said forklift and platform.

7.

Sometime while Plaintiff Andrew Willis was in the elevated platform working on the subject motor, the "John Doe" employee left the forklift unattended. When Plaintiff Andrew Willis completed his work on the subject motor, he looked down and saw that the "John Doe" employee had abandoned him. Plaintiff Andrew Willis then saw a group of other people who appeared to be Defendant's employees and informed them that he was

finished and ready to come down. Rather, than summoning the "John Doe" employee who originally drove the forklift and elevated Plaintiff Andrew Willis to the top of the peanut inspection station, one of the men in the group came to the forklift, started the forklift engine and began to pull the entire platform away from the peanut inspection station. Although Plaintiff Andrew Willis yelled for this person to stop and to not move the forklift, his requests went unheeded as the forklift pulled away. As a result of the forklift being pulled away, the platform came off the forklift and the platform, with Plaintiff Andrew Willis in it, fell to the ground causing severe injuries to Plaintiff Andrew Willis.

8.

The sole and proximate cause of Plaintiff Andrew Willis' fall and resulting injuries was the negligence of the "John Doe" employee of the Defendant who abandoned the forklift while Plaintiff Andrew Willis was in the air on the platform working on the subject motor. The act of the unknown person who got in the forklift and pulled the forklift away in an unsafe manner was the foreseeable consequence of the negligence of the "John Doe" employee of the Defendant.

9.

At all times relevant, the "John Doe" employee was acting within the course and scope of his employment with the Defendant. The Defendant, therefore, is liable for the negligence of the "John Doe" employee under the doctrine of respondeat superior.

10.

As the direct and proximate result of the Defendant's negligence and his resulting fall, Plaintiff Andrew Willis has suffered multiple traumas to his body including a severe fracture of his left humerus, bilateral fractures of his jaw, severe fractures to his sinus bones and a traumatic brain injury. These injuries are severe and permanent and did then, do now and, in all likelihood, will in the future cause Plaintiff to experience extreme pain and suffering.

11.

As the direct and proximate result of the Defendant's negligence and his injuries suffered from the resulting fall, Plaintiff Andrew Willis has undergone extensive medical care for the treatment of his injuries. To date, Plaintiff Andrew Willis' medical expenses are in excess of $414,000.00. As Plaintiff Andrew Willis' injuries are severe and permanent, he will, in all likelihood, incur substantial medical expenses in the future.

12.

At the time of his fall, Plaintiff Andrew Willis was gainfully employed earning a gross average weekly wage of $431.00 per week. As the direct and proximate result of the Defendant's negligence and his resulting injuries, Plaintiff Andrew Willis has been unable to work since the date of his fall and has incurred substantial lost wages. As his injuries are severe and permanent, Plaintiff Andrew Willis will, in all likelihood, continue to be unable to work as the result of his injuries and will incur substantial lost wages into the future.

13.

At the time of his fall, Plaintiff Andrew Willis was legally married to Plaintiff Naomi Willis. As the direct and proximate result of the Defendant's negligence and Plaintiff Andrew Willis' resulting injuries, Plaintiff Naomi Willis has lost the love, services and affections of her husband Plaintiff Andrew Willis.

WHEREFORE Plaintiffs demand a trial by a jury of twelve and pray for judgment against the Defendant for general damages in an amount determined by the enlightened conscience of fair and impartial jurors to provide sufficient restitution to Plaintiff Andrew Willis for his pain, suffering and disability and to Plaintiff Naomi Willis for her loss of

consortium; special damages in the amount of medical bills and lost wages as shown by the evidence and the costs of this action as provided for by the Federal Rules of Civil Procedure and the rules of this Court.

BROWN & SCOCCIMARO, P.C.

By: _____
JIMMIE H. BROWN
Attorney for Plaintiffs
Ga. State Bar No.: 088134

1801 Gillionville Road
Albany, GA 31707
(229) 432-9310

By: _____
CRAIG ALAN WEBSTER
Attorney for Plaintiffs
Ga. State Bar No.: 744950

1770 Indian Trail Road
Suite 200
Norcross, GA 30092
(678) 775-6064